IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1998 SESSION

FILED

July 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,        )
                                   )
          Appellee,         )
                                   )
VS.                             )
                                 )
VADA ALLEN BRANCH,       )
                                 )
          Appellant.        )

C.C.A. NO. 02C01-9706-CC-00224

DYER COUNTY

HON. JOE G. RILEY,
JUDGE

(Possession of Cocaine
with Intent to Sell)

FOR THE APPELLANT:         FOR THE APPELLEE:

G. STEPHEN DAVIS           JOHN KNOX WALKUP
District Public Defender       Attorney General & Reporter
P.O. Box 742
Dyersburg, TN 38024        GEORGIA BLYTHE FELNER
                            Asst. Attorney General
                            John Sevier Bldg.
                            425 Fifth Ave., North
                            Nashville, TN 37243-0493

                            C. PHILLIP BIVENS
                            District Attorney General
                            P.O. Box E
                            Dyersburg, TN 38024

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

**O P I N I O N**

The defendant was indicted with (a) possession of cocaine in an amount over .5 grams with intent to sell or deliver, and (b) possession of marijuana less than one-half ounce. Following a bench trial, the defendant was found guilty of both offenses and sentenced to thirteen years in the Department of Correction. In this appeal as of right, the defendant argues that the evidence is insufficient to support a conviction for possession of cocaine with intent to sell. Finding no merit in the defendant's argument, we affirm.

The defendant was a passenger in a car stopped by the police. Because one of the officers noted that the driver's eyes were bloodshot, the driver was administered three field sobriety tests, each of which he passed. The officer asked the driver why his eyes were bloodshot. The driver responded that he had been working all night. The officer asked the driver if he had been using drugs. The driver responded that he had not been using drugs, and he invited the officer to search his vehicle.

The officer asked the defendant to exit the vehicle so it could be searched. The officer then watched as the defendant removed his wallet from his back pocket and placed it inside the passenger side door handle. When searching the vehicle, the officer noticed that the defendant's wallet was bulging and had a glassine object sticking out of it. The officer opened the wallet and found two separate and equal pouches of marijuana weighing 5.7 grams and eight rocks of crack cocaine weighing .9 grams. In a written statement, the defendant admitted that the drugs belonged to him, not the driver. A pager and three hundred dollars and fifty-seven cents ($300.57) in cash, fifty dollars ($50.00) of which was hidden in the defendant's shoe, was found on the defendant's

person. No drug paraphernalia was found on the driver, on the defendant, or in the vehicle. Moreover, the officer searching the vehicle detected no odor of alcohol or drugs.

At trial, the defendant testified that he and the driver had purchased the drugs for their own use. That evening, he and the driver had been rolling the marijuana with the cocaine and smoking it with the windows rolled up. He could not explain why the vehicle did not smell of marijuana or other drugs. To explain the absence of paraphernalia, the defendant testified that he had used the last of his rolling papers and thrown the empty package out of the window, while the driver had been using a crack pipe that he hid in his pants. The defendant also stated that he had so much cash on him that evening because he had just been paid.

The defendant admitted at trial that he was in possession of the marijuana and cocaine. His challenge, however, is to whether the evidence was sufficient to establish that he intended to sell the cocaine. We agree with the trial court's conclusion that the State sufficiently proved intent.

"It may be inferred from the amount of a controlled substance . . . along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." T.C.A. § 39-17-419. Possession of a pager and a large amount of cash simultaneously with a large amount of a controlled substance may be sufficient circumstances from which the factfinder could infer that the defendant intended to sell the controlled substance. E.g., State v. Ronald Mitchell, C.C.A. No. 02C01-9702-CC-00070, Lauderdale County (Tenn. Crim. App. filed September 15, 1997, at Jackson); State v. Robert Lee Moore, C.C.A. No. 02C01-9502-CC-00038, Madison County (Tenn. Crim. App. filed October 4, 1995, at Jackson).

3

Here, the proof established that the defendant was carrying eight rocks of crack cocaine that weighed .9 grams, a pager, and three hundred dollars and fifty-seven cents ($300.57) in cash, some of which was hidden in his shoe. The cocaine was not found in the defendant's pocket, but rather in his wallet, as if to suggest, as the trial court surmised, that the drugs were being held for resale. Although the defendant claimed to have bought the cocaine for personal consumption that evening, he could not explain why the vehicle did not smell like smoke, even though earlier that evening, he had supposedly smoked the drugs in the vehicle with the windows closed. Given this, sufficient evidence in the record exists to support a finding of intent. This issue is without merit.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
THOMAS T. WOODALL, Judge

4